IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANDRA THOMPSON, ON BEHALF      CASE NO: 6:10-CV-891-35KRS
OF HERSELF AND OTHERS
SIMILARLY SITUATED,

       Plaintiff,

vs.

THE COVELLI FAMILY LIMITED
PARTNERSHIP, A FLORIDA
LIMITED PARTNERSHIP, KEN
DEVINE, INDIVIDUALLY, DUSTIN
OEHLER, INDIVIDUALLY, AND
GAVIN FORD, INDIVIDUALLY,

       Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS KEN DEVINE AND COVELLI FAMILY LIMITED PARTNERSHIP'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S <u>COMPLAINT AND INCORPORATED MEMORANDUM OF LAW</u>**

Pursuant to the Federal Rules of Civil Procedure and Local Rules for the Middle District of Florida, Plaintiff, SANDRA THOMPSON ("Plaintiff"), requests the entry of an Order striking Defendants,[1] KEN DEVINE and COVELLI FAMILY LIMITED PARTNERSHIP'S ("Defendants") First, Fifth, Ninth, Eighteenth, and Twentieth Affirmative Defenses, and states:

---

[1] Plaintiff filed a Motion to Strike Affirmative Defenses of Defendants, DUSTIN OEHLER and GAVIN FORD, on July 16, 2010. *See* D.E. 14. Subsequently, Defendants, KEN DEVINE and COVELLI FAMILY LIMITED PARTNERSHIP, filed their Answer and Affirmative Defenses to the Complaint on July 19, 2010, alleging the exact same affirmative defenses. *See* D.E. 15 and 16. This Motion is identical to Plaintiff's previously filed motion (D.E. 14) for ease of reference.

## MOTION TO STRIKE

1. Plaintiff brings this action to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. Plaintiff alleges that Defendants misclassified Plaintiff and failed to properly pay her for all hours worked in excess of forty (40) within a work week.

3. Defendants, KEN DEVINE and COVELLI FAMILY LIMITED PARTNERSHIP, filed their Answer and Affirmative Defenses on July 19, 2010. *See* D.E. 15 and 16. In those Answers, Defendants allege <u>thirty</u> affirmative defenses to Plaintiff's complaint.[2]

4. Plaintiff specifically moves to strike the following defenses:

   a. Defendants' First Affirmative Defense to Plaintiff's Complaint states that, "Plaintiff(s) Complaint fails to state a *prima facie* claim for which relief may be granted as to unpaid overtime wage claim under the Fair Labor Standards Act ("FLSA") and/or State Law, and should, therefore, be denied. D.E. 9 and 10, P. 2.

   b. Defendants' Fifth Affirmative Defense to Plaintiff's Complaint states that, "Any monetary amounts allegedly due to Plaintiff(s) are exceeded by and must be set-off by funds paid to Plaintiff." D.E. 9 and 10, P. 3.

   c. Defendants' Ninth Affirmative Defense to Plaintiff's Complaint states that, "Plaintiff(s) knowingly waived all claims against Defendants, including the overtime wage claims raised in this lawsuit." D.E. 9 and 10, P. 3.

---

[2] Many of these "affirmative defenses," such as Affirmative Defenses Two, Thirteen, Twenty-One, Twenty-Nine and Thirty are mere denials of allegations and are thus not affirmative defenses. Many of the defenses are also inapplicable in FLSA actions, as discussed below.

2

      d. Defendants' Eighteenth Affirmative Defense to Plaintiff's Complaint states that, "Plaintiff's claims for damages should be denied to the extent she failed to mitigate the damages." D.E. 9 and 10, P. 5.

      e. Defendants' Twentieth Affirmative Defense to Plaintiff's Complaint states that, "Plaintiff's claims for equitable relief are barred by waiver and estoppel (collateral or otherwise) accord and satisfaction and the doctrine of unclean hands." D.E. 9 and 10, P. 6.

5. Pursuant to Local Rule 3.01(g), undersigned counsel for the Plaintiff certifies that a reasonable effort has been made to confer with counsel for the Defendants in a good faith effort to resolve the issues raised by the Motion but Defendants' have not agreed to the filing of this Motion.

6. WHEREFORE, Plaintiff, SANDRA THOMPSON, requests the entry of an Order striking Defendants' First, Fifth, Ninth, Eighteenth, and Twentieth Affirmative Defense to Plaintiff's Complaint.

## MEMORANDUM OF LAW

### I. STANDARD ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

The Court has broad discretion in considering a motion to strike under Fed.R.Civ.P. 12(f). *See Williams v. Eckerd Family Youth Alternative,* 908 F.Supp. 908, 910 (M.D. Fla. 1995). Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Thus, a defense will be stricken if it is insufficient as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F.Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a

matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *See Anchor Hocking Corp., supra*.

In addition, affirmative defenses must comply with the general pleading requirements of Fed.R.Civ.P. 8(a), which requires "a short and plain statement" of the asserted defense. Fed.R.Civ.P. 8(a). The rule does not obligate a defendant to set forth detailed and particular facts, but requires only that the defendant give "fair notice" of the defense and "the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

On the other hand, the party raising the affirmative defense "must do more than make conclusory allegations." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002). Where the affirmative defenses are no more than "bare bones conclusory allegations, [they] must be stricken." *Microsoft Corp. v. Jesse's Computers & Repair, Inc., supra; see also Lima v. Heng Xian, Inc.*, 2009 WL 4906374, at *1 (S.D. Fla. 2009).

By its very definition, "[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc.*, 647 F.Supp. 544, 547 (S.D. Ga.1986). Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir.1988).

Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint. *See Byrne v. Nezhat,* 261 F.3d 1075, 1129 (11th Cir.2001); *Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. Coll.*, 77 F.3d 364, 367 (11th Cir.1996).

## II.     DEFENDANTS' FIRST AFFIRMATIVE DEFENSE—FAILURE TO STATE A CLAIM

As its First Affirmative Defense, Defendants assert that the Complaint fails to state a claim upon which relief can be granted.  Since, an affirmative defense must do more than simply deny Plaintiff's claim, Defendants' First Affirmative Defense is not an affirmative defense at all, and therefore should be struck.  A defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988).

Defendants' First Affirmative Defense simply alleges a defect in Plaintiff's Complaint, but offers no facts or reasons for such a defect.  This is not an affirmative defense and courts within this Circuit have stricken such a defense.  *See Perales v. Schear Corporation*, Case No. 2:09-cv-669-JES-DNF (M.D. Fla. May 10, 2010) (striking affirmative defense of failure to state a claim because no facts given to determine a plausible basis for the defense).

Since Defendants' First Affirmative Defense gives no plausible basis for a defense of failure to state a claim, it is insufficient and must be stricken.

## III.     DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE - SET-OFF

Defendants' Fifth Affirmative Defense to Plaintiff's Complaint states that "[a]ny monetary amounts allegedly due to Plaintiff(s) are exceeded and must be set-off by funds paid to Plaintiff."  Defendants offer no facts regarding this defense and it is merely a bare bones conclusory allegation.  Courts in this Circuit have routinely held that allegations of set-off without supporting facts must be stricken.  *See Shay v. Amera-Tech, Inc.,* 2010 WL 1838247, *1 (M.D. Fla. 2010); *Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1322 (S.D. Fla. 2005)(affirmative defense of set-off stricken, because it failed to give Plaintiff fair notice of the grounds on which it rested).

Here, Defendants fail to identify any legal or factual grounds for an offset. Therefore, as a matter of law Defendants' Fifth Affirmative Defense should be struck.

### IV. DEFENDANTS' NINTH AND TWENTIETH AFFIRMATIVE DEFENSES ARE NOT APPLICABLE IN AN FLSA CONTEXT

#### a. Waiver

As a matter of law, one cannot waive, release, or compromise his or her rights under the FLSA. *See Brooklyn Savings Bank v. O-Neill,* 324 U.S. 697, 706-07 (1945) (holding that right to minimum wage under the FLSA cannot be waived); *see also Lynn's Food Stores, Inc. v. U.S. Dept. of Labor,* 679 F.2d 1350 (11th Cir. 1983); *Tho Dihn Tran v. Alphonse Hotel Corp.,* 281 F.3d 23 (2d Cir. 2002); *Reich v. Stewart,* 121 F.3d 400, 407 (8th Cir. 1997) (An individual cannot waive entitlement to FLSA benefits); *Brennan v. Veteran Cleaning Services, Inc.* 482 F.2d 1362 (5th Cir. 1973) ("It has long been recognized that the protection afforded by the Fair Labor Standards Act may not be waived by agreement between employer and employee."). Similarly, in *Mireles v. Frio Foods, Inc.,* 899 F.2d 1407, 1411 (5th Cir. 1990), the court held that it is beyond question that workers cannot waive their FLSA rights, even by agreement. *See id.* Based on the above precedent, Defendants' affirmative defense of waiver in their Ninth and Twentieth Affirmative Defenses must be stricken as a matter of law.

#### b. Estoppel

Similarly, an employee's rights under the FLSA are typically not subject to the defense of estoppel except in limited circumstances. *See Groves v. Dury, M.D., P.A.*, 2006 WL 2556944 (M.D. Fla. 2006). However, once again, Defendants have alleged no facts to support any estoppel argument. Therefore, Defendants' defense of estoppel must be stricken. *See Perales*, *supra,* at P. 3.

### c. Unclean Hands

While some courts have held that, where properly pled, unclean hands may be an affirmative defense to a FLSA case, unclean hands is an equitable defense, and does not apply to claims for monetary relief, as here. *See Jones v. Sabis Education Systems, Inc.*, 2000 WL 369720, at **1-2 (N.D.Ill. Apr.7, 2000).[3]

Further, Defendants again give absolutely no facts to support the defense of unclean hands. "To assert a defense of unclean hands, defendants must demonstrate that plaintiff's wrongdoing was directly related to the claim asserted in the Complaint." *Perales, supra,* p. 3-4 (citing *Calloway v. Pertners Nat'l Health Plans,* 986 F.2d 446, 451 (11th Cir. 1993)). Here, Defendants have asserted no facts or allegations that any wrongdoing by Plaintiff was related to her claim in the Complaint. For this reason, Defendants' defense of unclean hands must be stricken.

### d. Accord and Satisfaction

Accord and satisfaction "is not a recognized defense in a FLSA case because an individual cannot waive entitlement to overtime." *Pena v. Coastal QSR, LLC*, Case. No. 2:10-cv-60-JES-DNF (M.D. Fla. May 4, 2010)(striking affirmative defense of accord and satisfaction in a FLSA case). Here, Defendants' Twentieth Affirmative Defense of accord and satisfaction must be stricken as a matter of law.

### V. DEFENDANTS' EIGHTEENTH AFFIRMATIVE DEFENSE – MITIGATION

---

[3] Even if the Court believes that unclean hands is a legally cognizable defense to the instant FLSA claim, the defense, as drafted, fails to provide specific information sufficient to provide notice of the theory of defense, as required by Rule 12(f) and the relevant case law. *Neuman v. CTRL Systems, Inc*., 2009 WL 4730722 (S.D. Fla. Dec.10, 2009) (striking unclean hands as an affirmative defense to a FLSA claim because it failed to put Plaintiff on notice of the facts on which is was based).

Defendants' Eighteenth Affirmative Defense asserts that Plaintiff's claim should be denied because she failed to mitigate her damages. The defense of mitigation does not exist in a case brought pursuant to the FLSA to recover unpaid wages.

Several courts in this circuit have found "there is no requirement to mitigate overtime wages under the FLSA." *See Hansen v. ABC Liquors, Inc*., 2009 WL 3790447, * at 3 (M.D. Fla. 2009); *see also Perez-Nunez v. North Broward Hosp. Dist.,* 2009 WL 723873 (S.D. Fla. 2009) (holding a duty to mitigate damages defense fails as a matter of law where Plaintiff failed to mitigate damages by failing to timely disclose any alleged violation to her employer so that the terms of her employment could be corrected); *Gonzalez v. Spears Holdings, Inc.,* 2009 U.S. Dist. LEXIS 72734, 2009 WL 2391233, at *7 (S.D. Fla. 2009) (holding that because there is no duty to mitigate damages, nor a duty to provide notice as to any alleged unlawful pay practice, the court struck the defendant's failure to mitigate defense). Accordingly, Defendants' Eighteenth Affirmative Defense is legally insufficient and must be struck.

## CONCLUSION

The affirmative defenses alleged by Defendants included in this Motion either do not exist in FLSA claims or are bare bones allegations with no supporting facts. Thus, Defendants' First, Second, Fifth, Sixth, Seventh, Eighth and Ninth Affirmative Defenses, and its claim for fees contained within its unnumbered WHEREFORE paragraph following Defendants' Tenth Affirmative Defense to Plaintiff's Complaint should be stricken.

Dated this 23rd day of July, 2010.

          **/s/ C. RYAN MORGAN**
          C. Ryan Morgan, Esq.
          FBN 0015527
          Morgan & Morgan, P.A.
          20 N. Orange Ave., 16th Floor

P.O. Box 4979  
Orlando, FL 32802-4979  
Telephone: (407) 420-1414  
Facsimile: (407) 420-5956  
Email: rmorgan@forthepeople.com  
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Joseph F. Scarpa, Jr., Esquire, Luks, Santaniello, Perez, Petrillo & Gold, The Citrus Center 255 South Orange Avenue, Suite 750, Orlando, FL 32801; email: JSCARPA@LS-LAW.COM, this 23rd day of July 2010.

**/s/ C RYAN MORGAN**  
C. Ryan Morgan, Esq.